UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN


E-IMAGEDATA CORP.,

        Plaintiff,

  v.

DIGITAL CHECK CORP.                        Case No. 2:16-cv-576-WED
d/b/a ST IMAGING,

        Defendant.


**CIVIL L. R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION FOR SANCTIONS
RELATED TO PLAINTIFF'S PROTECTIVE ORDER VIOLATION**

**I.     MATERIAL FACTS**

Plaintiff e-Imagedata Corp. ("e-Image") and Defendant Digital Check Corp., d/b/a/ ST Imaging ("ST"), are direct competitors in the microfilm reader industry. e-Image filed suit against ST Imaging in 2015 alleging unfair competition in co-pending Case No. 15-cv-00658.[1] ST Imaging, however, recently discovered that e-Image has been unfairly competing with ST by using Confidential information in violation of the Protective Order ("PO") to wrongly gain a competitive edge and to hack into ST's reseller website.[2]

The PO limits the disclosure of information marked "Confidential" to a party **only** when "necessary [ ] for purposes of this litigation." (Dkt. No. 26 at ¶ 11). It further defines the "limited use" of confidential documents and prohibits use of documents "for any purposes whatsoever other than preparing for and conducting the litigation." (Dkt. No. 26 at ¶ 8). The PO expressly prohibits the use of Confidential information for "competitive purposes." (*Id.*).

On August 19, 2016, counsel for e-Image informed counsel for ST that it had provided e-Image with a "copy of **all** non-AEO material ST Produced." (Ex. A, 8-19-16 Email from D. Muth to P. Reid) (emphasis added). As a result of this unfettered access to ST's confidential documents, e-Image viewed a document containing ST's password to its restricted reseller website. (*Id.*). e-Image then improperly used the password to hack into ST's reseller site. (*Id.*).[3]

---

[1]  This case was severed from Case No. 15-cv-00658 in April. (Dkt. No. 45 to Case No. 15-cv-00658). The parties agreed to share discovery in both cases and abide by the same Protective Order terms. A similar motion will be filed in Case No. 15-cv-00658.

[2]  Pursuant to Civil L. R. 37, on August 29, Jason Engel and Philip Reid for ST and Matthew Duchemin for e-Image met and conferred regarding the current motion. Mr. Duchemin indicated e-Image may be willing to allow limited discovery into the conduct in conjunction with the current cases, but that it would oppose a 90-day stay.

[3]  e-Image's conduct is improper even if the password was not marked Confidential. The confidential nature of the information clearly makes e-Image's actions a PO violation.

ST began investigating the hack immediately upon learning of e-Image's unauthorized access. ST discovered a dramatic increase in activity on the reseller website on August 14 and 15, 2016, stemming from IP addresses that appear to originate from Wisconsin. (Anderson Decl. at ¶ 5). This activity included over 100 page views for a total of nearly four hours, which is significantly unusual. (*Id.*). The investigation also revealed the site was accessed by the IP address 108.76.172.185 on August 18, 2016. (*Id.* at ¶ 7). A search reveals this address appears to be registered to James Westoby, President of e-Image. (*Id.*).

On August 23, 2016, e-Image represented that it destroyed all the documents it improperly downloaded and claimed it did not disseminate any information to third parties.[4] Unfortunately, the bell cannot be unrung. ST uses its restricted reseller website to communicate highly confidential information related to pricing, sales and marketing plans, bid and RFP strategy, and competitive intelligence to its resellers. (*Id.* at ¶ 8). e-Image downloaded nearly all of this information and cannot simply unlearn what it now knows. Apart from ST's resellers and employees at ST, **no one else** has access to the reseller website until e-Image's raid. (*Id.*).

## II. ST REQUESTS A 90 DAY STAY TO CONDUCT EXPEDITED DISCOVERY INTO E-IMAGE'S UNLAWFUL WEBSITE ACCESS

The Court has inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). e-Image has abused the judicial process by using information marked "Confidential" under the PO to hack into ST's password-protected reseller website to gain a competitive advantage. (Ex. A, 8-19-16 Email from D. Muth to P. Reid (admitting e-Image accessed ST Imaging's restricted website using a password from a Confidential document)). e-Image's use of this information to hack into

---

[4] e-Image's destruction of documents is also problematic as it prevents ST Imaging from determining who had the documents, when they had them, and whether they sent them to any other individuals within e-Image or outside of e-Image.

2
Case 2:16-cv-00576-WED   Filed 08/30/16   Page 3 of 6   Document 28

ST's proprietary website and misappropriate ST's highly confidential information is indefensible. e-Image knew it was accessing a password-protected proprietary website it did not have permission to access, and did so to gain a competitive advantage over ST.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iv), to determine the extent of e-Image's violation of the PO, ST requests a brief 90-day stay of this case to conduct expedited, narrow discovery regarding the violation, the information obtained, and whether and how the PO can be enforced.[5] ST believes a stay is warranted under the circumstances to enable ST to properly investigate e-Image's misconduct without having to devote resources to defend two separate civil actions. ST also believes that a stay will enable the parties to prioritize and timely complete this investigation. Finally, ST is wary of continuing to produce information absent confirmation that the PO will not further be violated, which is the purpose of the investigation.

In particular, ST seeks to serve no more than ten (10) interrogatories at least to identify the individual(s) who accessed the site, where it was accessed from, what information was downloaded, what was done with the information, and with whom the information was shared, as well as depositions of any identified individuals and an e-Image corporate representative. Upon the conclusion of the discovery, ST seeks leave to file a motion with the Court requesting appropriate sanctions, such as: (1) enjoining e-Image from participating in any future bid activity against ST for a period of time; (2) revoking e-Image's access to documents marked "Confidential"; (3) prohibiting e-Image personnel from attending depositions in this case; (4) awarding ST's reasonable attorneys' fees and costs pertaining to the responding to the breach; and (5) dismissal of the case.

---

[5] Nothing in this motion precludes ST's rights to bring an action against e-Image for violation of the Computer Fraud and Abuse Act, the Defend Trade Secrets Act, and/or any other state or common unfair competition laws. ST further requests that all discovery obtained be admissible in a later action against e-Image.

Dated: August 30, 2016								Respectfully submitted,

										DIGITAL CHECK CORP.
										d/b/a ST IMAGING,
										Defendant/Counterplaintiff

										By:	/s/ Jason A. Engel


										Jason A. Engel
										Bar Number: IL 6274878
										Stephen J. O' Neil
										Bar Number: IL 3127564
										Kacy L. Dicke
										Bar Number: IL 6309431
										Attorneys for Defendant
										K&L Gates LLP
										70 W. Madison, Suite 3100
										Chicago, Illinois 60602
										Telephone: (312) 372-1121
										Fax: (312) 827-8000
										jason.engel@klgates.com
										stephen.oneil@klgates.com
										kacy.dicke@klgates.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on August 30, 2016 to all counsel of record via ECF.

 /s/ Jason A. Engel
Jason A. Engel