UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

E-IMAGEDATA CORP,

     Plaintiff,

   v.           Case No. 16-CV-576

DIGITAL CHECK CORP.,
doing business as
ST Imaging,

     Defendant.

## ORDER

  The court entered a protective order in this case on August 12, 2016. (ECF No. 26.) Among other things, it precluded the use of discovery for competitive purposes and limited the dissemination of materials marked confidential to when it was necessary for purposes of this litigation. Currently before the court is the expedited non-dispositive motion of defendant Digital Check Corp. (hereinafter ST Imaging) seeking a 90 day stay of this litigation so that it can conduct expedited discovery into alleged violations of the protective order by plaintiff e-ImageData Corp. (ECF No. 28.)

  The protective order allows parties producing documents in this lawsuit to designate them as either "Confidential" or "Attorneys' Eyes Only" when the producing

party in good faith believes the documents contain trade secrets or nonpublic technical, commercial, financial, personal, or business information. (ECF No. 26, ¶ 9.) Information or documents designated as "Confidential" or "Attorneys' Eyes Only" must not be used by the parties "for any purposes whatsoever other than preparing for and conducting the litigation[.]" (ECF No. 26, ¶ 8.) Documents or information designated as "Confidential" may be disclosed to a parties' "employees, directors, officers or managers to whom it is necessary that the material be disclosed for purposes of this litigation." (ECF No. 26, ¶ 11.) Documents or information designated as "Attorneys' Eyes Only" may not. (ECF No. 26, ¶ 10.)

Counsel for e-Image Data forwarded to certain employees of its client all of those documents produced by ST Imaging which were designated "Confidential" so as to enlist their assistance in prosecuting this patent infringement lawsuit. Amidst the documents designated as "Confidential" by ST Imaging and provided to e-ImageData was a password to ST Imaging's "restricted reseller website." (ECF No. 28.) Two employees of e-ImageData who were assisting its attorneys in reviewing the discovery materials, including the president of e-ImageData, used the password to access the website, apparently unbeknownst to e-ImageData's attorneys. They apparently spent some number of hours reviewing information on the reseller website and downloaded information from it, including "product videos, product comparison charts, pricing information, sales strategies, technical material, and other business information that ST

2

considers proprietary or highly confidential." (ECF No. 29, ¶ 9.) The employees contend that they sought only information that was relevant to the litigation and did not use the information for competitive purposes.

Upon learning that employees of e-ImageData had accessed ST Imaging's reseller website using a password from a document produced by ST Imaging in discovery, counsel for e-ImageData "took steps to ensure such access stopped … and that e-Image did not retain any documents downloaded from that site." (ECF No. 35, ¶ 4.) All such documents were then apparently sent to e-ImageData's counsel. (*Id.*) Counsel for e-ImageData then notified counsel for ST Imaging, informing him what had happened. (Id., ¶ 5.)

ST Imaging contends that e-ImageData's conduct is a violation of the protective order. As a prelude to seeking sanctions, it asks this court to issue a 90-day stay of the litigation so that it can engage in expedited discovery "to determine the extent of e-Image's violation" of the protective order. (ECF No. 28 at 3.) It states that it intends to bring a similar motion in another lawsuit that was severed from this lawsuit in April 2016. (ECF No. 28 at 1.)

In response, e-ImageData at least implicitly concedes that e-ImageData employees should not have accessed ST Imaging's reseller website. However, it does not concede that e-ImageData violated the protective order. It argues that there is no evidence that the information contained on the website is confidential or maintained

3

confidentially. (ECF No. 32 at 2.) Attaching a copy of a representative example of one of ST Imaging's reseller agreements, it argues that the resellers have no obligation of confidentiality. (ECF No. 32 at 2-3.) It also argues that, since there is no evidence that any information gleaned from the website was used for competitive purposes or disclosed to any third parties, there has not been a violation of the protective order. (ECF No. 32 at 3.) Thus, while it does not oppose ST Imaging "from pursuing further questioning" related to e-ImageData's accessing the reseller website, it sees no reason for a stay of the litigation.

The court agrees that no stay is warranted. As to the narrow question of whether e-ImageData's employees violated the protective order, the court concludes that the protective order does not proscribe what occurred here. It is undisputed that the password was designated as "Confidential" and not as "Attorneys' Eyes Only" information. As such, the protective order permitted the disclosure of the password to e-ImageData's "employees, directors, officers or managers to whom it is necessary that the material be disclosed for purposes of this litigation." (ECF No. 26, ¶ 11.) And ST Imaging does not argue otherwise; it never contends that disclosure of the password by e-ImageData's lawyers to e-ImageData's employees violated the protective order. Instead, it argues that e-ImageData's employees violated the protective order when they used the password to access the reseller website.

4

However, ST Imaging has not shown that the reseller website was covered by the protective order. Although the court has not been provided with a comprehensive recounting of what is contained on the reseller website, from the details provided it appears that the information is reasonably germane to the litigation. As a result, e-ImageData's employees' use of the password to access information relevant to the litigation did not violate the protective order.

Finally, for the sake of the present motion, the court presumes that the information contained on the reseller website could be used by e-ImageData competitively. However, e-ImageData's review of information that could be used for a competitive advantage does not, by itself, violate the protective order. Rather, only if e-ImageData actually uses that information to obtain a competitive advantage would e-ImageData violate the protective order.

It is not uncommon for discovery to include information that could be used for competitive advantage. Yet lawsuits do not stop so that parties may investigate whether the other side used that information inappropriately. ST Imaging is free to continue to investigate whether e-ImageData violated the protective order by inappropriately using the information from the reseller website (or, for that matter, any other discovery). Should it uncover a violation of the protective order, it may bring a motion for relief at that time. But as to the narrow question of whether e-ImageData's employees use of the

5

password to access ST Imaging's reseller website violated the protective order, the court concludes that it did not. Consequently, ST Imaging's motion for a stay is **denied**.

Further, e-ImageData Corp.'s motion to restrict Exhibit D (ECF No. 35-5) to case participants (ECF No. 31) is **granted**.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 14th day of September, 2016.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

6
Case 2:16-cv-00576-WED   Filed 09/14/16   Page 6 of 6   Document 36