UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

E-IMAGEDATA CORP.,

        Plaintiff,

  v.

DIGITAL CHECK CORP.                         Case No. 2:16-cv-576
d/b/a ST IMAGING,

        Defendant.

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING** *INTER PARTES* **REVIEW**

---

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 2

III. LEGAL STANDARD..................................................................................................... 3

IV. DEFENDANT'S MOTION FOR STAY SHOULD BE GRANTED ............................... 5

    1. The Requested Stay Will Reduce the Burden of Litigation on the Parties and the Court ........................................................................................... 6

    2. A Stay Will Simplify the Issues and Streamline Any Trial .................................... 7

    3. A Stay Will Not Unduly Prejudice or Tactically Disadvantage the Plaintiff ................................................................................................................ 9

V. CONCLUSION............................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acantha LLC, v. Depuy Synthes Sales Inc.*,
  No. 15-CV-1257, Order at 4 (E.D. Wis. June 4, 2016) ..............................................................5

*Black & Decker Inc. v. Positec USA, Inc.*,
  No. 13 C 3075, 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) .......................................................4

*Brixham Solutions Ltd. V. Juniper Networks, Inc.*,
  13-cv-00616-JCS, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ..............................................4

*Delphix Corp. v. Actifio, Inc.*,
  No. 13CV0416-BLF, 2014 U.S. Dist. LEXIS 160372 (N.D. Cal. Nov. 13, 2014) ....................................................................................................................................7

*E-Watch, Inc. v. Lorex Canada, Inc.*,
  No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013).........................................4, 6, 9

*ePlus, Inc. v. Lawson software, Inc.*,
  760 f.3d 1350 (Fed. Cir. 2014) ..................................................................................................8

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988)..................................................................................................4

*Evolutionary Intelligence LLC v. Yelp Inc.*,
  No. C-13-03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013).....................................4

*EvolutionaryIntelligence, LLC v. Sprint Nextel Corp.*,
  No. C-13-4513-RMW, 2014 WL 819277..................................................................................5

*Finjan, Inc. v. Symantec Corp.*,
  139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) ..........................................................................6

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 2295 (2014) .....................................8

*Generac Power Sys. Inc. v. Kohler Co.*,
  807 F. Supp. 2d 791 (E.D. Wis. 2011).......................................................................................4

*Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*,
  No. 14 C 856, 2014 WL 2505166 (N.D. Ill. May 29, 2014) .................................................1, 4

*Intellectual Ventures II, LLC v. Huntington Bancshares*,
  No. 2:13-cv-00785, 2014 U.S. Dist. LEXIS 78753 (S.D. Ohio June 10, 2014).........................8

*Landis v. N. am. Co.*,
   299 U.S. 248 (1936) ........................................................................................................... 3

*Milwaukee Elec. Tool Corp., v. Chevron N. Am., Inc.*,
   No. 14-CV-1289-JPS, Order at 7-20 (E.D. Wis. Oct. 2, 2015) ................................................. 5

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ........................................ 4, 6, 9

*Norred v. Medtronic, Inc.*,
   No. 13-2061-EFM/TJJ, 2014 WL 554685 (D. Kan. Feb. 12, 2014) ..................................... 4, 9

*NUTech Ventures v. Norman Noble, Inc.*,
   No. 1:12-CV-2326, 2013 U.S. Dist. LEXIS 133092 (N.D. Ohio May 30,
   2013) ................................................................................................................................. 5

*Pac. Bioscience Labs., Inc. v. Pretika Corp.*,
   760 F. Supp. 2d 1061 (W.D. Wash. 2011) ............................................................................ 9

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
   Nos. 5:13CV01356, 01358, 01359, 2014 U.S. Dist. LEXIS 4095 (N.D. Cal.
   Jan. 13, 2014) .................................................................................................................... 7

*Radio Sys. Corp. v. E. Mishan & sons, Inc.*,
   No. 3:13-cv-383, 2014 U.S. Dist. LEXIS 65975 (E.D. Tenn. Mar. 28, 2014) ......................... 9

*Sec. People, Inc. v. Ojmar US, LLC*,
   No. 14-cv-04968-HSG, 2015 U.S. Dist. LEXIS 70011 (N.D. Cal. May 29,
   2015) ................................................................................................................................. 4

*Select Brands v. Sensio, Inc.*,
   No. 13-2108-KHV-GLR, 2013 U.S. Dist. LEXIS 172914 (D. Kan. Sept. 27,
   2013) ................................................................................................................................. 6

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
   No. SACV 12-21-JST, 2012 U.S. Dist. LEXIS 186322 (C.D. Cal. Dec. 19,
   2012) ................................................................................................................................. 9

*Serv. Solutions U.S. LLC v. Autel. US Inc.*,
   No. 13-10534, 2015 WL 401009 (E.D. Mich. Jan. 28, 2015) ................................................. 5

*SSW Holding Co. Inc. v. Schott Gemtron Corp.*,
   No. 3:12-CV-661-S, 2013 WL 4500091 (W.D. Ky. Aug. 21, 2013) ........................................ 4

*Star Envirotech, Inc. v. Redline Detection, LLC*,
   No. 12-CV-01861, 2013 WL 1716068 (C.D. Cal. April 3, 2013) ............................................ 5

*Texas Indep. Producers & Royalty Owners Assoc. v. EPA*,
 410 F.3d 964 (7th Cir. 2005) ..................................................................................3

*In re Translogic Tech., Inc.*,
 504 F.3d 1249 (Fed. Cir. 2007)..............................................................................8

*Translogic Tech., Inc., v. Hitachi, Ltd.*,
 Nos. 2005-1387, 2006-1333, 2007 WL 2973955 (Fed. Cir. Oct. 12, 2007).............8

*Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Ams., Inc.*,
 No. H-15-144, 2015 U.S. Dist. LEXIS 143855 (S.D. Tex. Oct. 22, 2015) ...............7

*Universal Elec., Inc. v. Universal Remote Control, Inc.*,
 943 F. Supp. 2d 1028 (C.D. Cal. 2013) ..................................................................4

*VirtualAgility Inc. v. Saleforce.com, Inc.*,
 759 F.3d 1307 (Fed. Cir. 2014)..............................................................................4

**Statutes**

35 U.S.C. § 314(b) ......................................................................................................1, 9

35 U.S.C. § 315(e)(2)...................................................................................................1, 3

35 U.S.C. § 316(a)(11)....................................................................................................1

**Other Authorities**

77 Fed. Reg. 48,680 (Aug, 14, 2012)..............................................................................1

## I. INTRODUCTION

This Court should stay the present case pending the resolution of petitions for *inter partes* review ("IPR") that Defendant Digital Check Corp., d/b/a/ ST Imaging ("ST") has filed and will file with the Patent Trial and Appeal Board ("PTAB") against U.S. Patent Nos. 8,537,279 ("'279 Patent"), 9,179,019 ("'019 Patent), and 9,197,766 ("'766 Patent") (collectively "Patents-in-Suit").

IPR is a streamlined procedure that Congress established in 2012 under the America Invents Act and intended as an alternative to litigation that would allow litigants and courts to avoid unnecessary litigation costs and use of judicial resources. *See, e.g., Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *1 (N.D. Ill. May 29, 2014) (citing 77 Fed. Reg. 48,680 (Aug, 14, 2012)). Consistent with Congress' intent, the PTAB conducts IPRs on a strict, statutorily mandated schedule. In the currently pending litigation, this Court and the parties will know whether the PTAB will institute ST's IPR proceedings no later than May 16, 2017 for the first two IPRs and no later than mid-June 2017 for the third IPR. If instituted, the PTAB will likely issue final written decisions in these proceedings no later than one year after institution. 35 U.S.C. §§ 314(b), 316(a)(11).

Regardless of the PTAB's decisions regarding the validity of the Patents-in-Suit, the Court and the parties are better off waiting for them before proceeding further in district court. Upon the PTAB's final written decision, ST will be estopped in this litigation from challenging the validity of the instituted claims based on grounds that were raised or reasonably could have been raised in the IPR proceedings. 35 U.S.C. § 315(e)(2). Proceeding in district court while the IPRs are pending will require duplication of efforts and resources related to over 70 claims, many of which may be found unpatentable by the PTAB. Even worse, if this Court proceeds through trial and finds the challenged claims valid and the PTAB later invalidates these claims,

the PTAB's decision would likely nullify this Court's judgement, and the resources expended in litigating would have been for naught. Thus, a stay will conserve considerable resources and simplify the issues in this litigation.

Finally, staying this litigation would not unduly prejudice or place Plaintiff at a tactical disadvantage, particularly given the expedited schedule on which the PTAB operates. For example, if the PTAB does not institute the IPRs, the parties will only have lost six to seven months of case time and the case can proceed at that time, but if the IPRs are instituted and the case is not stayed, the parties will have expended six to seven months of party, attorney, and Court time that may have all been for naught.

For these reasons, and as explained more fully herein, ST asks that this case be stayed until completion of the IPR process, or at a minimum until the PTAB decides institution.

## II. STATEMENT OF FACTS

On May 12, 2016, Plaintiff filed a complaint against ST alleging infringement of the '279 Patent, the '019 Patent, and the '766 Patent.[1] Plaintiff did not seek a preliminary injunction. ST has answered the complaint and asserted counterclaims against Plaintiff. (Dkt. No. 8.) The Court held a scheduling conference on June 21, 2016 and ST informed the Court of its intent to file the IPRs and move to stay the case. (Dkt. No. 15.) The parties submitted Claim Construction Briefs (Dkt. Nos. 20, 22, 23 and 24), the Court held a Claim Construction Hearing on August 31, 2016, and the Court issued a Claim Construction Order on November 4, 2016 (Dkt. No. 38). The parties have engaged in written discovery and have produced documents, but no depositions have taken place nor are any scheduled. The parties have yet to engage in expert discovery. A discovery cut-off date has been set for April 7, 2017. A trial date has not been set.

---

[1] The Patents-in-Suit were originally added through multiple amended complaints filed in November and December of 2015 in Case No. 15-cv-0658, but the patent claims were severed on April 29, 2016 and resulted in the present case being filed in May of this year.

On November 3, 2016, ST filed IPR Petitions that challenge the only asserted claim of the '279 Patent (Engel Declaration, Ex. E, IPR2017-00177) and the vast majority of the asserted claims of the '766 Patent (Engel Declaration, Ex. F, IPR2017-00178), including all asserted independent claims. ST is preparing an IPR Petition that challenges all asserted claims of the '766 Patent and will file that IPR Petition no later than December 1, 2016. In total, ST filed or will file IPR Petitions challenging 62 of the 73 asserted claims. As such, ST will be bound by the estoppel provision 35 U.S.C. § 315(e)(2) that would preclude ST from challenging the validity of the challenged claims on any ground that could have reasonably been raised in the IPRs once the PTAB issues a final written decision. Further, ST has identified in discovery reasons why it does not infringe the remaining asserted claims not challenged in the IPRs.

Since the IPR procedure was established, the PTAB has instituted 78 percent of IPR Petitions in technology center 3700, which covers mechanical engineering, manufacturing, products, and is the likely technology center for ST's IPR Petitions. (Engel Declaration at ¶¶ 2-4 and Ex. A, Lex Machina PTAB Statistics for Technology Center 3700). As a whole the PTAB has instituted 76 percent of the 3,557 IPR Petitions filed to date that have reached an institution decision. (Engel Declaration at ¶¶ 2, 3, 5 and Ex. B, Lex Machina Statistics for IPR Institution Decisions).

Counsel for ST met and conferred with Plaintiff on November 9, 2016 regarding staying the pending litigation and Plaintiff disagrees that a stay should be entered.

### III. LEGAL STANDARD

A district court's power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Texas Indep. Producers & Royalty Owners Assoc. v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) (citing and quoting *Landis v. N. am. Co.*, 299 U.S. 248, 254

(1936)).  This authority extends to patent cases in which review by the United States Patent and Trademark Office ("USPTO") has been requested.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

Courts typically consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Sec. People, Inc. v. Ojmar US, LLC*, No. 14-cv-04968-HSG, 2015 U.S. Dist. LEXIS 70011, at *4 (N.D. Cal. May 29, 2015); *see also Generac Power Sys. Inc. v. Kohler Co.*, 807 F. Supp. 2d 791, 796 (E.D. Wis. 2011).

Courts have the authority to stay a litigation even when the PTAB has not yet ruled on a petition for review.  *VirtualAgility Inc. v. Saleforce.com, Inc.*, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014).  Indeed, consistent with Congress' intent that IPR proceedings be used to limit unnecessary litigation costs and conserve judicial resources, numerous courts have stayed litigations soon after IPR was requested and before the PTAB instituted any IPR.  *See, e.g., Brixham Solutions Ltd. V. Juniper Networks, Inc.*, 13-cv-00616-JCS, 2014 WL 1677991, at *1 (N.D. Cal. Apr. 28, 2014); *Norred v. Medtronic, Inc.*, No. 13-2061-EFM/TJJ, 2014 WL 554685, at *1 (D. Kan. Feb. 12, 2014); *Ignite*, 2014 WL 2505166, at *4; *Universal Elec., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013); *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, at *5 (N.D. Cal. Dec. 18, 2013); *Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718460, at *1 (N.D. Ill. Oct. 1, 2013); *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 5425298, at *5 (S.D. Tex. Sept. 26, 2013); *SSW Holding Co. Inc. v. Schott Gemtron Corp.*, No.

3:12-CV-661-S, 2013 WL 4500091, at *4 (W.D. Ky. Aug. 21, 2013); *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013); *NUTech Ventures v. Norman Noble, Inc.*, No. 1:12-CV-2326, 2013 U.S. Dist. LEXIS 133092, at *2 (N.D. Ohio May 30, 2013); *Star Envirotech, Inc. v. Redline Detection, LLC*, No. 12-CV-01861, 2013 WL 1716068, at *2 (C.D. Cal. April 3, 2013).

Moreover, a court may grant a stay even when an IPR will not resolve all of the issues in litigation. The question is merely whether the issues will be simplified, and not whether the entire case will be resolved. *See Serv. Solutions U.S. LLC v. Autel. US Inc.*, No. 13-10534, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28, 2015) (finding that "an IPR review need not dispose of a case completely to simplify the issues of a case"); *see also EvolutionaryIntelligence, LLC v. Sprint Nextel Corp.*, No. C-13-4513-RMW, 2014 WL 819277, at *5-*6 (N.D. Cal. Feb. 28, 2014 (rejecting the argument that IPRs must "eliminate all of the issues in this litigation").

Further, two recent cases in this district, the Eastern District of Wisconsin, granted stays before IPR was instituted and one case granted a stay when not all of the asserted patents were challenged. *Milwaukee Elec. Tool Corp., v. Chevron N. Am., Inc.*, No. 14-CV-1289-JPS, Order at 7-20 (E.D. Wis. Oct. 2, 2015) (Hon. J.P. Stadtmueller U.S.D.J.) (granting stay before IPR institution and when only some of the asserted patents were challenged); *Acantha LLC, v. Depuy Synthes Sales Inc.*, No. 15-CV-1257, Order at 4 (E.D. Wis. June 4, 2016) (Chief Judge, Hon. William C. Griesbach, U.S.D.J.) (granting stay before IPR was instituted).[2]

## IV. DEFENDANT'S MOTION FOR STAY SHOULD BE GRANTED

Each of the three factors strongly favors staying the pending litigation until the PTAB rules on the IPR petitions that ST has filed.

---

[2] Copies of these orders are attached to the Engel Declaration as Exhibits C and D, respectively.

### 1. The Requested Stay Will Reduce the Burden of Litigation on the Parties and the Court

The pending litigation is still in the relatively early stages, and the timing provides the ideal opportunity for this Court to enter a stay. Staying the case at this juncture "advance[s] judicial efficiency and maximize[s] the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Neste*, 2013 WL 3353984, at *5; *see also E-Watch*, 2013 WL 5425298, at *5 (finding that in a case on file for ten months, there was "more work ahead of the parties and the Court than behind the parties and the Court" and thus a stay was appropriate).

"A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (citations omitted). Here, the parties have engaged in written discovery and document production, but have yet to schedule or take any depositions and have not started expert discovery. Although this Court has already issued a Claim Construction Order (Dkt. No. 38), this Court has not set a trial date.

This case should be stayed now before the Court and the parties expend any effort or resources to litigate the same issues that are being presented to a panel of three technically-trained judges of the PTAB, a part of the USPTO, for review. If the stay is denied and the case moves forward, the parties would spend significant sums on discovery, including expert discovery, for claims and issues that could ultimately become moot. Because the entire foundation underlying this case is subject to change as a result of the IPRs, it does not make sense to spend time and money on issues that may not exist after the PTAB completes its review. *Select Brands v. Sensio, Inc.*, No. 13-2108-KHV-GLR, 2013 U.S. Dist. LEXIS 172914, at *2 (D. Kan. Sept. 27, 2013) ("To now proceed further with this case could readily require the parties to engage unnecessarily in expensive, duplicated discovery and pretrial procedures.").

Even if the PTAB upholds the claims, the parties' conduct during the proceeding is likely to significantly impact and necessitate duplication of contentions, fact discovery, expert discovery, and summary judgment.  Arguments made before the PTAB will likely affect the scope of the patent claims at issue.  Without a stay, the Court and the parties would proceed toward trial based on the premise that the claims have a certain scope.  Yet, when the IPRs conclude, the Court and the parties would likely be forced to confront a shift in the scope of the claims.  This could occur before, during, or after trial and would necessitate redoing much of what the Court and parties had worked on while the IPRs were pending.

Thus, this factor weighs heavily in favor of granting Defendant's requested stay.

### 2. A Stay Will Simplify the Issues and Streamline Any Trial

The requested stay will likely simplify the issues for trial.  Courts routinely stay litigation when the IPR is likely to simplify the issues, and often do so *before* IPR has been instituted because of the high likelihood that review will be granted, and because the stay will be short in the relatively few instances where the requested IPR is not instituted.  *See e.g.*, *PersonalWeb Techs., LLC v. Facebook, Inc.*, Nos. 5:13CV01356, 01358, 01359, 2014 U.S. Dist. LEXIS 4095, at *17 (N.D. Cal. Jan. 13, 2014) (finding that the four-month delay before PTO's institution decision would issue was "relatively short" and did not outweigh anticipated simplification of issues); *Delphix Corp. v. Actifio, Inc.*, No. 13CV0416-BLF, 2014 U.S. Dist. LEXIS 160372, at *8 (N.D. Cal. Nov. 13, 2014) ("At a minimum, instituting a brief, limited stay of approximately five months to see whether and how the PTAB will act on Defendant's IPR petitions will conserve judicial resources and avoid inconsistent results."); *Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Ams., Inc.*, No. H-15-144, 2015 U.S. Dist. LEXIS 143855, at *13-14 (S.D. Tex. Oct. 22, 2015) (rejecting "the notion that litigation should not be stayed solely because an IPR has not yet been instituted").

A determination regarding the validity of the challenged claims will undoubtedly simplify and streamline the issues in this litigation. Plaintiff has asserted 73 claims, and ST will have challenged 62 of those claims in its IPR petitions. A decision from the PTAB on all or some of the challenged claims will greatly reduce and simplify the issues for trial. At worst, the PTAB will deny institution and the progress in this case will have only been delayed a few months.

Finally, staying the litigation until completion of the IPRs will prevent the possibility of inconsistent rulings related to the Patents-in-Suit. A decision from the PTAB may ultimately nullify this Court's judgment. In fact, the Federal Circuit has vacated district court judgments that have found the patents at issue valid and infringed when the PTAB later invalidated those same patents while the case was on appeal. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1348 (Fed. Cir. 2013) (vacating district court's judgment based on USPTO decision), *cert. denied*, 134 S. Ct. 2295 (2014); *ePlus, Inc. v. Lawson Software, Inc.*, 760 F.3d 1350, 1358-59 (Fed. Cir. 2014) (same); *In re Translogic Tech., Inc.*, 504 F.3d 1249, 1257 (Fed. Cir. 2007) (affirming USPTO decision invalidating same patent at issue); *Translogic Tech., Inc., v. Hitachi, Ltd.*, Nos. 2005-1387, 2006-1333, 2007 WL 2973955, at *1 (Fed. Cir. Oct. 12, 2007) (vacating earlier district court judgment, finding infringement and imposing damages and injunction, based on later USPTO decision).

The relevant inquiry "is not whether the IPR would completely resolve the case, but rather whether it could make this litigation simpler and more efficient." *Intellectual Ventures II, LLC v. Huntington Bancshares*, No. 2:13-cv-00785, 2014 U.S. Dist. LEXIS 78753, at*12-13 (S.D. Ohio June 10, 2014) (citation omitted). Because determination of the validity of any of the challenged claims will undoubtedly simplify this case, and will eliminate the possibility of

inconsistent rulings, this factor weighs heavily in favor of granting the stay.

### 3. A Stay Will Not Unduly Prejudice or Tactically Disadvantage the Plaintiff

This Court will not unduly prejudice or place Plaintiff at a tactical disadvantage by ordering stay. As an initial matter, it is well established that the mere delay inherent in any stay does not result in undue prejudice. *Norred*, 2014 WL 554685, at *4; *E-Watch*, 2013 WL 5425298, at *2; *Neste*, 2013 WL 3353984, at *2. Here, the PTAB is under a strict statutory deadline, and this court and the parties will know no later than May 16, 2017 whether the PTAB will institute the first two IPRs that ST has requested. *See Norred*, 2014 WL 554685, at *4 (finding no undue prejudice because the PTAB "has a deadline under 35 U.S.C. § 314(b)"). Notably, Plaintiff can expedite this timeline by filing its preliminary IPR response early or by waiving the preliminary response altogether.

Moreover, a patent owner's claim of undue prejudice is seriously undermined if it has not sought a preliminary injunction to stop the alleged infringement. *Radio Sys. Corp. v. E. Mishan & Sons, Inc.*, No. 3:13-cv-383, 2014 U.S. Dist. LEXIS 65975, at *7-*8 (E.D. Tenn. Mar. 28, 2014) (noting that the Plaintiff's failure to seek a preliminary injunction "suggests that any prejudice to Plaintiff[s] that might result from delaying the ultimate resolution of this dispute it not as sever as [Plaintiff] contends.") (citation omitted); *see also Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 U.S. Dist. LEXIS 186322, at *10 (C.D. Cal. Dec. 19, 2012) (noting that the parties were competitors and the patent owner did not seek a preliminary injunction); *Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1067 (W.D. Wash. 2011) ("PBL has not sought any form of preliminary injunctive relief in this action, which further undermines its position and suggests that a stay would not be unduly prejudicial.") (citation omitted).

Here, Plaintiff did not seek a preliminary injunction. Further, neither party has engaged

9

in any expert discovery, taken depositions, or even scheduled any depositions. This litigation is in its early stages. Plaintiff cannot credibly contend that it would be unduly prejudiced or disadvantaged by the requested stay.

Thus, this factor weighs heavily in favor of granting the requested stay.

## V.     CONCLUSION

For the foregoing reasons, all of the relevant factors weigh heavily in favor of staying this litigation. Defendant respectfully requests that this Court grant its motion to stay pending IPR.


Dated: November 18, 2016                              Respectfully submitted,

                                                      DIGITAL CHECK CORP.
                                                      d/b/a ST IMAGING,
                                                      Defendant/Counterplaintiff

                                                      By:    /s/ Jason A. Engel


                                                      Jason A. Engel
                                                      Bar Number: IL 6274878
                                                      Stephen J. O' Neil
                                                      Bar Number: IL 3127564
                                                      Kacy L. Dicke
                                                      Bar Number: IL 6309431
                                                      Attorneys for Defendant
                                                      K&L Gates LLP
                                                      70 W. Madison, Suite 3100
                                                      Chicago, Illinois 60602
                                                      Telephone: (312) 372-1121
                                                      Fax: (312) 827-8000
                                                      jason.engel@klgates.com
                                                      stephen.oneil@klgates.com
                                                      kacy.dicke@klgates.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on November 18, 2016 to all counsel of record via ECF.

/s/ Jason A. Engel
Jason A. Engel